### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **JUAN LOPEZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CASE NO. 3:18-CV-2536-B-BK** |
| | § | |
| **LORIE DAVIS,** | § | |
| **Director, TDCJ-CID,** | § | |
| **Respondent.** | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, the pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Juan Lopez was referred to the undersigned United States magistrate judge for findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, the habeas corpus petition should be **DENIED**.

## I. BACKGROUND

Petitioner Juan Lopez was convicted of aggravated assault involving family violence and causing serious bodily injury in cause number F-1640682-I, in the 2nd Judicial District Court of Dallas County, Texas. Doc. 16-15 at 92-93. Lopez pleaded true to a sentencing enhancement paragraph, and the jury assessed his punishment at 15 years' imprisonment. Doc. 16-15 at 92-93. On October 2, 2017, the Fifth Court of Appeals of Texas affirmed Lopez's conviction and sentence. Doc. 16-3 at 2-3. The Texas Court of Criminal Appeals ("TCCA") subsequently refused Lopez's petition for discretionary review. *See Lopez v. State*, PD No. 1182-17 (Tex. Crim. App. 2017). The TCCA later rejected Lopez's motion for rehearing, Doc. 16-13, and on June 6, 2018, the TCCA denied state habeas relief without a written order. *Ex Parte Lopez*, Case No. WR-88,408-01, Doc. 16-21.

On September 24, 2018, this Court received Lopez's Section 2254 petition, in which he alleges that exculpatory evidence, specifically, a letter from Grace Lopez, was not included in the state trial court record and that his trial counsel provided ineffective assistance.  Doc. 3.  The Government argues in response that the petition should be denied, Doc. 15, and Lopez has filed a reply.  Doc. 17.  Lopez has also filed two motions for an evidentiary hearing, Doc. 18; Doc. 20, two motions to expand the record, Doc. 19; Doc. 24, and a motion to quash his original motion to expand the record. Doc. 22.

**II. LEGAL STANDARDS**

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow.  When reviewing state proceedings, a federal court does not sit as a super state appellate court.  *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).  A person seeking federal habeas corpus review must assert the violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993).  Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Federal habeas corpus relief for state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The provisions of Section 2254(d) provide that an application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

2

evidence presented in the State court proceeding. *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *see Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). To obtain habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement. *Harrington v. Richter*, 562 U.S. 86,102-03 (2011). In short, a petitioner must show that there was no reasonable basis for the state court to deny relief. *Id*. at 98.

A federal district court must be deferential to state court findings supported by the record. *Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002). A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

A state court's factual findings "shall be presumed to be correct" unless petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness also applies to unarticulated findings that are necessary to the state court's conclusions of mixed law and fact. Valdez v. Cockrell, 274 F.3d 941, 948 n. 11 (5th Cir. 2001).

### III.  FAILURE TO INCLUDE DOCUMENT IN CLERK'S RECORD

Lopez alleges that the State violated his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by omitting from the trial record a letter from Grace Lopez that was favorable to his defense; thus, the letter was not before the TCCA at the time of his state habeas appeal.  *See* Doc. 3 at 6; Doc. 4 at 5-8.  He additionally alleges that, while his state habeas application was pending, he alerted the district clerk's office to the omission, but that the letter was still not added to the Clerk's Record containing Lopez's trial record.  *See* Doc. 4 at 6-7.

To prevail on a suppression of evidence claim, a habeas petitioner must prove that: (1) the prosecution suppressed evidence; (2) the evidence was favorable; (3) the evidence was material either to guilt or punishment; and (4) the alleged favorable evidence was not discoverable through due diligence.  *Brady*, 373 U.S. at 87; *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997).  "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985).  "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense."  *United States v. Agurs*, 427 U.S. 97, 109–10 (1976).

The rule in Brady is not violated "if the defendant, using reasonable diligence, could have obtained the information."  *Williams v. Scott*, 35 F.3d 159, 163 (5th Cir. 1994).  There is no obligation for the prosecution "to produce evidence or information already known to the defendant, or that could be obtained through the defendant's exercise of reasonable diligence." *Castillo v. Johnson*, 141 F.3d 218, 223 (5th Cir. 1998).

Here, Lopez's own admission is fatal to his claim.  In his memorandum in support of his Section 2254 habeas petition, Lopez states that after his conviction, he requested from his counsel

"all documents in [counsel's] possession of [Lopez's] trial," and that within the documents his counsel provided to Lopez was a copy of the letter written by Grace Lopez that Lopez alleges the prosecutor withheld. *See* Doc. 4 at 5-6. Because, as Lopez acknowledges, the letter had not been suppressed by the prosecution, he fails to demonstrate a *Brady* violation. *See Brady*, 373 U.S. at 87; *Rector*, 120 F.3d at 558.

Additionally, Lopez fails to demonstrate that Grace Lopez's letter was admitted at trial. *See* Doc. 3 at 6; Doc. 4 at 4-8; Doc. 17 at 2-3. Moreover, a review of the record reveals that Grace Lopez did not testify at trial. *See* Doc. 16-16 at 3-5. Consequently, there was no basis apparent in the record for the letter to be included in the trial record that was forwarded to the TCCA.

Moreover, Lopez included this issue in his state habeas application, *see* Doc. 16-30 at 35-36, which the TCCA denied. Doc. 16-21. And Lopez fails to demonstrate the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03. He fails to show there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98. Accordingly, Lopez's claim should be denied.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Lopez alleges his trial counsel provided ineffective assistance by: (1) failing to request that the weapon (a knife) be tested for fingerprints; (2) failing to subpoena witnesses; (3) failing to adequately discuss the case with him prior to trial; and (4) failing to file motions. Doc. 3 at 6; Doc. 4 at 8-11.

### A. Applicable Law

To establish ineffective assistance of trial counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*

*v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a petitioner must

show that his attorney's actions "fell below an objective standard of reasonableness." *Id*. at 688.

In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance," or that, "under the

circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689.

      Under *Strickland*'s prejudice prong, a petitioner must demonstrate that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to

undermine confidence in the outcome, and the petitioner must "affirmatively prove, not just allege,

prejudice. *Id*. at 693-4. If the petitioner fails to demonstrate prejudice, the court need not address

the question of counsel's performance (and vice versa). *Id*. at 691. Additionally, "[t]he likelihood

of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

      In addition, the Court reviews claims of ineffective assistance of counsel under a "doubly

deferential" standard, taking "a 'highly deferential' look at counsel's performance, [under

*Strickland*, 466 U.S. at 689], through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*,

563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by Section

2254(d)(1), "[t]he pivotal question is whether the state court's application of the Strickland

standard was unreasonable." *Richter*, 562 U.S. at 101.

**B.  Claims**

      In each of Lopez's four ineffective assistance of counsel claims, he provides only a cursory

description and offers no convincing argument or evidence. Doc. 3 at 6; Doc. 4 at 8-11. For

example, regarding his first claim, Lopez merely states that he requested of the trial court that the

knife be tested for fingerprints, presumably because his counsel had failed to make such a request.

He provides no further argument or evidentiary support for this claim. Lopez's argument is insufficient to meet his burden of proof, however. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition ... mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (stating that where a habeas petitioner fails to brief an argument adequately, it is considered waived). And with regard to his claim that his counsel failed to subpoena witnesses, Lopez simply states that he personally requested a continuance of the trial "to obtain witnesses," Doc. 4 at 9, and that his counsel should have contacted the investigator "to get ahold of some witnesses." Doc. 4 at 10. Lopez does not name the witnesses, demonstrate that they were willing to testify, or state what the witnesses would testify to if called at trial. This is insufficient for federal habeas relief. *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (stating that to prevail on a claim of uncalled witnesses, a petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the proposed testimony of the witness, and show that the testimony would have been favorable to a particular defense).

Lopez's remaining two ineffective assistance claims are likewise conclusory and unsupported. Moreover, Lopez does not address *Strickland*'s prejudice requirement at all, *see* Doc. 3 at 6; Doc. 4 at 8-11; and wholly fails in his burden to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Moreover, the state habeas court denied Lopez's ineffective assistance of counsel claims when it denied Lopez's state habeas writ. *See* Doc. 16-30 at 41-42; Doc. 16-21. And because

Lopez has failed to show that the state habeas court's conclusion on these claims amounts "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence," *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)), Lopez has failed to show that his Sixth Amendment right to effective counsel was violated. Consequently, he also has failed to show there was no reasonable basis for the state court to deny relief. *See Richter*, 562 U.S. at 98.

### IV. REQUEST FOE EVIDENTIARY HEARING

Lopez filed two motions requesting an evidentiary hearing. Doc. 18; Doc. 20. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181; *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011). Lopez cannot overcome the limitation of Section 2254(d) on the record that was before the state court. Accordingly, he is not entitled to an evidentiary hearing and his motions should be denied.

### V. REQUEST TO EXPAND THE RCORD

Lopez twice filed a *Motion for Expansion of the Record under Rule 7.* Doc. 19; Doc. 24. The Court notes that Rule 7 of the Rules Governing Habeas Corpus Cases Under Section 2254 (Rule 7) does not authorize a petitioner to request to expand the record. Rather, Rule 7 states "the judge may direct the parties to expand the record" if the judge believes it necessary. *See* Rule 7 of the Rules Governing Habeas Corpus Cases Under Section 2254.

In any event, as explained above, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181; *Blue*, 665 F.3d at 656. Because Section 2254 "requires an examination of the state-court decision at the time it was made," the United States Supreme Court held that "the record under review is

limited to the record in existence at that same time i.e., the record before the state court."

*Pinholster*, 563 U.S. at 182.  The Court has before it the state court record and has considered that

record in its review of Lopez's Section 2254 habeas petition.  Thus, Lopez's *Motion[s] for*

*Expansion of the Record under Rule 7* [Doc. 19; Doc. 24] are **DENIED**.  Relatedly, Lopez's

motion seeking to quash said motion to expand the record, Doc. 22, is **DENIED AS MOOT**.

### VI. CONCLUSION

Lopez has not demonstrated that the state court's decision rejecting his claim that the

prosecution suppressed exculpatory evidence, or for ineffective assistance of counsel, was an

unreasonable application of clearly established federal law or unreasonable in light of the

evidence.  28 U.S.C. § 2254(d).  Accordingly, Lopez's petition for writ of habeas corpus should be

**DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**IT IS SO RECOMMENDED** on December 20, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).